5 May 2000

No. 2--99--0691

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

JOYCE RENE KEENE STOKES, ) Appeal from the Circuit Court

) of Lake County.

    Plaintiff-Appellant, )

) 

v. ) No. 98--MR--131

)

COLONIAL PENN INSURANCE COMPANY, ) Honorable 

) Jack Hoogasian,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Joyce Rene Keene Stokes, appeals the judgment of the circuit court of Lake County granting the motion  of defendant, Colonial Penn Insurance Company, to dismiss plaintiff's complaint for declaratory judgment.  We affirm.

On August 18, 1987, plaintiff was injured in an automobile collision that occurred in Buchanan County, Virginia, in the town of Grundy.  Plaintiff, who was at that time a minor, was a passenger in the automobile.  Plaintiff subsequently settled her claims against the driver of the automobile in which she was a passenger and the driver's insurer, defendant.  Plaintiff agreed to a $17,000 lump-sum payment and to a structured settlement that would commence on March 17, 1993, and would pay her $215 per month for the longer of 30 years or the rest of plaintiff's life.

Plaintiff subsequently filed a declaratory judgment action in the circuit court of Lake County, Illinois, seeking to assign the monthly payments to a factoring company in exchange for a discounted lump-sum payment.  Defendant filed a motion to dismiss the action pursuant to section 2--619 of the Code of Civil Procedure (735 ILCS 5/2--619 (West 1998)), arguing that plaintiff's action violated an anti-assignment clause contained in the settlement agreement.  The circuit court initially denied defendant's motion, but upon reconsideration the court dismissed the case, finding that the proper venue to adjudicate plaintiff's attempted assignment of the structured settlement payments lay in Virginia.  Plaintiff timely appeals.

We first address plaintiff's motion to strike portions of defendant's brief and appendix.  Plaintiff contends that defendant attempted to improperly supplement the record on appeal by including documents and matters not before the circuit court in the appendix to defendant's response brief and in the argument contained in defendant's response brief.  Having carefully reviewed the record on appeal, we grant plaintiff's motion and strike the pages of defendant's appendix that contain material outside the record on appeal and disregard argument pertaining to that material.  We now turn to the merits of plaintiff's appeal.

The outcome of this case is governed by section 155.34 of the Illinois Insurance Code (Code) (215 ILCS 5/155.34 (West 1998)).  Section 155.34(b) of the Code provides that "[n]o person who is the beneficiary of a structured settlement of a claim for personal injury may assign in any manner the payments of the settlement without prior approval of the circuit court of the county where an action was or could have been maintained."  When interpreting a statute, the court must ascertain and give effect to the legislature's intent.  
In re Marriage of Brackett
, 309 Ill. App. 3d 329, 343 (1999).  The plain and ordinary meaning of the language of the statute provides the best indicator of the legislature's intent and, where that language is clear and unambiguous, there is no need to turn to the other tools of statutory construction.  
Brackett
, 309 Ill. App. 3d at 343.  Applying these principles to section 155.34(b) of the Code, we find that it requires the structured settlement beneficiary to obtain the consent of the court in which the underlying personal injury action "was or could have been maintained" before making an assignment of the settlement payments.  215 ILCS 5/155.34(b) (West 1998).

Applying this rule to the case at bar, we hold that plaintiff cannot bring her declaratory judgment in the circuit court of Lake County.  The record indicates that, at the time of the collision, plaintiff was a resident of South Carolina and defendant was a resident of Pennsylvania.  The accident occurred in Virginia.  Plaintiff clearly was unable to maintain a personal injury action in the circuit court of Lake County, having no contacts with Illinois and no other basis for venue there.  Instead, section 155.34(b) of the Code requires plaintiff to bring her declaratory judgment action in any venue in which her underlying personal injury action was or could have been brought.  From the record before us, the circuit court of Lake County, Illinois, is one venue in which plaintiff 
could
 
not
 have litigated her underlying personal injury action.  Accordingly, we find that the circuit court of Lake County properly dismissed plaintiff's claim.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

THOMAS and HUTCHINSON, JJ., concur.