In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4334

Leon Szymanski,

Plaintiff-Appellant,

v.

Rite-Way Lawn Maintenance Co., Inc.,

Defendant-Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 0033--Edward A. Bobrick, Magistrate Judge.


Argued September 25, 2000--Decided November 2, 2000


        Before Flaum, Chief Judge, and Easterbrook and Diane
P. Wood, Circuit Judges.

        Flaum, Chief Judge.  Leon Szymanski, a double
amputee, brought suit under the Americans with
Disabilities Act, 42 U.S.C. sec. 12101 et seq.,
alleging that Rite-Way Lawn Maintenance Company,
Inc. ("Rite-Way"), unlawfully terminated
Szymanski's employment with the company after its
discovery of his impairment. Rite-Way filed a
motion for summary judgment, based on its
contention that Szymanski had never been hired by
the company, and hence could not have been
wrongfully terminated. The magistrate judge for
the district court granted summary judgment to
Rite-Way, finding that Szymanski had failed to
provide sufficient evidence to defeat the motion.
Szymanski now appeals, arguing that the district
court predetermined the factual dispute as to
whether Szymanski had been hired and
inappropriately granted summary judgment. For the
reasons stated herein, we reverse and remand.

I.  BACKGROUND

        In 1973, as a result of a train accident,
surgeons were forced to amputate the lower
portion of Leon Szymanski's right foot as well as
the lower part of his left leg below the knee.
While Szymanski's mobility is limited, today,
with the assistance of artificial limbs and
custom made shoes, he walks without a limp.

Szymanski is a registered landscape architect with the State of Illinois, who from December 1989 through May 1996, including all times relevant to this case, was employed by Seeco Consultants, Inc. ("Seeco").

In March 1993, Rite-Way, a lawn maintenance and landscape design company run by William and Carolyn Yorkman, placed an advertisement in the Chicago Tribune seeking a landscape designer/estimator. Szymanski responded to the advertisement and at some point during the month, interviewed for the available position. It is at that point in the time line--late March of 1993--when considerable discrepancies between the parties' respective accounts of the facts begin to appear.

For his part, Szymanski claims that the interview, which took place on or about March 23, 1993 resulted in his being hired by the defendant. He alleges that Rite-Way requested he report for his first day of work on March 31 at noon. According to the plaintiff, on the morning of the 31st he went to Seeco for the purpose of resigning from the company. However, unable to locate his supervisor, Szymanski departed for his noon start-time at Rite-Way without ever resigning.

Perhaps the only relevant fact surrounding March 31 that is not in dispute in this case is that Szymanski did in fact accompany William Yorkman on a sales call. According to Szymanski, while on this first work assignment, William Yorkman noticed that one of Szymanski's feet appeared larger than the other. When Yorkman questioned Szymanski as to why his foot was swollen, the plaintiff responded that his foot was not swollen, but rather that he was a double amputee wearing a prosthetic device. Szymanski recounts that, at that point, William Yorkman told him to contact Carolyn Yorkman later that evening. Szymanski concluded his work, which included going on sales calls unaccompanied by Yorkman. That evening, when Szymanski telephoned Carolyn Yorkman, he claims he was told to return to work at 9 a.m. the following morning. However, approximately fifteen minutes later, Szymanski received another phone call from Carolyn Yorkman informing him that his employment had been terminated.

Not surprisingly, Rite-Way offers a very different version of the events. Rite-Way argues that Szymanski was unqualified for the position and thus never hired. Rite-Way does not dispute that the plaintiff accompanied William Yorkman on a sales call. However, Rite-Way maintains that the sales call was not part of any employment

agreement, but merely a portion of an interview process. In support of its position that Szymanski was not hired, Rite-Way offers that while it requires all employees, prior to commencing their employment, to complete a variety of forms, including an employment application Form W-4 and Form I-9, Szymanski was never required to fill out any such forms. Additionally, while Rite-Way requires that all employees complete a weekly time sheet reflecting any time that they have worked, Szymanski never was asked to nor did fill out any such sheet. Finally, Rite-Way points to inconsistencies in Szymanski's testimony regarding whether it was William or Carolyn Yorkman who actually hired him as well as his dates of employment with Seeco as indicative that Szymanski was never hired by Rite-Way.

Szymanski brought suit against Rite-Way, alleging that the company had violated the ADA by discharging Szymanski because of his disability and subjecting him to unequal terms and conditions of employment because of his disability. On July 16, 1999, the parties appeared before the magistrate judge on Rite-Way's motion to be granted leave to file a summary judgment motion. The defendant believed that, in-line with the then recent Supreme Court decisions of Sutton v. United Airlines, Inc., 527 U.S. 471 (1999), and Murphy v. United Parcel Serv., Inc., 527 U.S. 516 (1999), Szymanski would not be considered disabled. In the course of the conference, the court stated that it believed Szymanski would be considered disabled, and that a more appropriate subject for a summary judgment motion would be whether the plaintiff had been employed by Rite-Way. Following the conference, Rite-Way moved for summary judgment, arguing that it had never hired the plaintiff. The district court granted summary judgment to Rite-Way, finding that Szymanski had not met his burden in opposing the motion. Specifically, the court stated that Szymanski's unsupported assertion that he was hired, coupled with contradictions in his testimony, was insufficient to defeat defendant's motion. Szymanski now appeals arguing that a genuine issue of material fact did exist as to whether he was hired.

II. DISCUSSION
A. Predetermination of the Summary Judgment Motion

Szymanski's first contention on appeal is that the district court "predetermined that a ruling would be given in favor of Defendant-Appellee, even prior [to] the motion for summary judgment being filed." Szymanski bases this argument on statements made by the court to the defense during the July 16, 1999 conference. At that

conference, the defendant had sought permission to file a summary judgment motion in which it would claim that under the recent Supreme Court decisions requiring that courts factor in the use of any mitigating device in the determination as to whether an individual is considered disabled under the ADA, Szymanski would not be considered disabled. The court disagreed, stating that while it was not prejudging the case, it believed that "if there is a successful motion for summary judgment pending, it's one that goes to the basic facts of this case and is outside the recent rulings by the Supreme Court." In addition, the court noted that though it did not know how such a motion would "work out," it believed that a motion for summary judgment based on the issue of whether Szymanski had been employed was a more realistic approach.

We need not use much ink to dispose of this claim. We find that plaintiff's failure to address this issue below (during the four and one half months between the time of the conference and the decision granting summary judgment), either by seeking a recusal because of bias under 28 U.S.C. sec. 144, or moving to disqualify under 28 U.S.C. sec. 455, has resulted in waiver. See In re Muller, 851 F.2d 916, 918-19 (7th Cir. 1988) (failure of a party to raise objection to remarks made by the district court during a preliminary hearing, until after an unfavorable ruling was rendered, results in waiver)./1

B.          Summary Judgment

Szymanski's second argument on appeal is that an issue of material fact exists regarding his employment status that should have precluded the granting of summary judgment./2 In reviewing a district court's grant of summary judgment, we assess the record de novo and reach our own conclusions of law or fact as they flow from the record before us. Miranda v. Wisconsin Power & Light Co., 91 F.3d 1011, 1014 (7th Cir. 1996). This plenary review of the evidence requires that we employ the standard prescribed in Rule 56(c) of the Federal Rules of Civil Procedure, and determine that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Simply put, Rule 56(c) mandates an approach in which summary judgment is proper only if there is no reasonably contestable issue of fact that is potentially outcome-determinative. Wallace v. SMC Pneumatics, Inc., 103 F.3d 1394, 1396 (7th Cir. 1997).

In resolving a motion for summary judgment, we will neither come to a conclusion on factual disputes nor weigh conflicting evidence. Miranda, 91 F.3d at 1014. Rather, we will limit our analysis of the record to deciding the aforementioned question of whether a genuine issue of material fact exists for trial. Id. Such an issue exists if "[t]here is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In reaching a conclusion as to the presence of a genuine issue of material fact, we must view the evidence and draw all inferences in a way most favorable to the nonmoving party. Tolentino v. Friedman, 46 F.3d 645, 649 (7th Cir. 1995). However, this is not to suggest that a nonmoving party can survive summary judgment with merely a scintilla of evidence supporting its position. Essex v. United Parcel Serv. Inc., 111 F.3d 1304, 1308 (7th Cir. 1997). "[A] party will be successful in opposing summary judgment only when they present definite, competent evidence to rebut the motion." Smith v. Severn, 129 F.3d 419, 427 (7th Cir. 1997) (citations and internal quotation marks omitted).

Applying the standard set forth above, we believe Szymanski's employment status with Rite-Way constitutes a disputed issue of material fact. In determining to the contrary, the district court stated that Szymanski's unsupported assertions that he was hired are not enough to defeat a motion for summary judgment. The court cited United States v. Torres, 142 F.3d 962, 968 (7th Cir. 1998), for the proposition that "[s]elf serving affidavits without factual support in the record will not defeat a motion for summary judgment." While we do not suggest that statement is incorrect, we find it inapplicable in this instance. In Torres, this court examined a situation where, in response to credible evidence, defendants repeatedly altered their testimony in order to create disputed facts and defeat summary judgment. In contrast, in this case, both parties rely on affidavits and deposition testimony as paramount support for their positions. Szymanski's statement that he was told by Rite-Way that he was hired is most surely a self-serving assertion, unsupported by other sources. However, despite Rite-Way's contention to the contrary, its proffers are no less self-serving, and no more supported in the record. Specifically, Rite-Way argues that the facts contradict Szymanski's claim that he was hired, in that Szymanski did not fill out employment forms and time sheets on his first day. While Szymanski did not fill out said forms, the only proof that a new employee was required to complete that paperwork immediately upon

beginning employment at Rite-Way comes from unsupported verbal assertions by the Yorkmans. Where the moving party's version of material facts is supported solely by self-serving assertions, self-serving assertions to the contrary by the nonmoving party may be sufficient to create a credibility dispute which is best resolved at trial. As such, we find that the evidence produced by Szymanski is not insufficient, in this instance, to defeat a summary judgment motion.

Though we believe Szymanski's declaration that he was hired could preclude summary judgment, that does not dispose of the issue. If Rite-Way could provide proper additional evidence to show that Szymanski was never hired, then Szymanski's assertion to the contrary would not, by itself, "carry the day." Our de novo review requires that we examine the record as a whole in order to determine whether Szymanski's employment status was in dispute. In granting summary judgment, the court stated that certain factual discrepancies undercut the plaintiff's position and lent credence to the defendant's position. The court believed that these factors, in the absence of supporting evidence from Szymanski, created a record in which there was no dispute as to Szymanski's employment status. While we do not suggest that these "discrepancies" assist Szymanski's case, we do believe that they are not sufficiently damning so as to negate the dispute the conflicting affidavits create.

Specifically, the court adopted defendant's contention that Szymanski's failure to resign from Seeco prior to beginning employment with Rite-Way dispelled any notion that Szymanski had been hired by Rite-Way. We recognize that it might not be the ordinary course of action for one to begin work with a new employer without formally leaving one's previous employment. However, we cannot concur that Szymanski's failure to resign from Seeco necessarily means that he was never hired by Rite-Way. First, it is altogether common for a person to have more than one job. Second, Szymanski has provided an explanation which is at least plausible, in that he was unable to locate his supervisor on the day in question in order to resign. Though timetables do suggest his supervisor was present the morning Szymanski was seeking him out, that does nothing to contradict Szymanski's assertion that he was unable to locate him. In retrospect, that Szymanski did not resign from Seeco, regardless of the appropriateness of Rite-Way's actions, proved beneficial to Szymanski, as he was able to return the next day to Seeco.

Likewise, the defendant has presented certain

inconsistencies in Szymanski's testimony as evidence that he was never employed by Rite-Way. In the course of discovery, Szymanski provided conflicting testimony as to whether he was actually hired by William or Carolyn Yorkman, as well as regarding his dates of employment with Seeco. Defendant points out these inconsistencies and notes that a plaintiff cannot rely on conflicting affidavits and deposition testimony in order to defeat a motion for summary judgment. See Piscione v. Ernst & Young, L.L.P., 171 F.3d 527, 532 (7th Cir. 1999). While we agree with that proposition of law, the plaintiff here is not attempting to rely on inconsistencies in order to defeat a summary judgment motion. In fact, it is the defendant here who is attempting to make use of the inconsistencies in support of summary judgment. We believe that any inconsistencies in Szymanski's testimony are best left to a jury making a credibility determination, and are not severe enough as to cast beyond dispute the issue of whether Szymanski was employed by Seeco.

Finally, we note the presence of factors which, in contrast to Szymanski's failure to resign from Seeco, seem to support Szymanski's claim that he was hired by Rite-Way. Neither the record nor counsel at oral argument have provided this court with a sufficient explanation as to why Szymanski went on the sales call with William Yorkman on March 31. There has been no indication that going on such a call was a normal interviewing practice of the company. Furthermore, Rite-Way's contention that Szymanski was not hired because he was unqualified for the job seems inconsistent with having him accompany the owner to solicit new business. Overall, viewing the evidence in the light most favorable to the nonmoving party, namely Szymanski, we believe there is a disputed issue of material fact regarding Szymanski's employment status which precludes the grant of summary judgment. Because the summary judgment motion presented to the district court did not go beyond the issue of hiring, we will not examine the remainder of the claim for discriminatory termination.

III.  CONCLUSION

For the foregoing reasons, we Reverse the district court's grant of summary judgment in favor of the defendant and we Remand this case to the district court for further proceedings consistent with this opinion.

/1 Additionally, we fail to see how the district court acted inappropriately in this matter. A

perusal of the conference transcript makes clear that the district court did nothing more than encourage the defense to brief the issue it felt relevant. The court may have commented on the relative strength that it believed each motion might have. However, those comments cannot be said to rise to the level of a predetermination.

/2 Szymanski's underlying claim for discriminatory termination arises under 42 U.S.C. sec. 12112(a) which provides that: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." We recognize that this statute protects both discriminatory firing as well as the discriminatory refusal to hire. However, Szymanski did not advance the argument that in the alternative, if the court finds that he was never employed by Rite-Way, that the company's failure to hire him was in and of itself a violation of the ADA. Since we will not address such a cause of action, the district court's decision regarding Szymanski's employment status becomes a dispositive issue for Szymanski's entire case against Rite-Way.