In re Christine CROSSMAN, Debtor.

David E. Grochocinski,
Trustee, Plaintiff,

v.

Christine Crossman, American States Insurance Co., Transamerica Annuity Service Corp., and Transamerica Occidental Life Insurance Co., Defendants.

Bankruptcy No. 99 B 12994.
Adversary No. 00 A 00978.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 8, 2001.

David P. Lloyd, Grochocinski, Grochocinski & Lloyd, Ltd., Orland Park, IL, for Plaintiff/Trustee.

David E. Morgans, Williams Montgomery & John Ltd., Chicago, IL, for Defendants.

David E. Grochocinski, Orland Park, IL, trustee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of David E. Grochocinski, the Chapter 7 Trustee (the "Trustee") for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056. For the reasons stated herein, the Court denies the motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N).

## II. FACTS AND BACKGROUND

The following is a recitation of the undisputed facts. On May 10, 1993, a Settlement Agreement was signed by Christine Crossman, (the "Debtor"). See Exhibit A to the Complaint. The Debtor's Settlement Agreement was with American States Insurance Company ("American States") and settled her claims arising out of the death of her husband, William Crossman, on June 15, 1992. Id. The Settlement Agreement provided that, in addition to a lump sum cash payment of $350,000, the Debtor would receive the following periodic payments: $1,800 per month for life, with 20 years (or 240 monthly installments) guaranteed, beginning June 3, 1993 and the following additional deferred lump sum payments: $25,000 on May 3, 1998; $50,000 on May 3, 2003; $100,000 on May 3, 2008; and $175,000 on May 3, 2013. Id. at ¶ IV(B).

The Settlement Agreement further contained provisions that prohibit the Debtor from assigning her periodic and lump sum payments. Specifically, the Settlement Agreement states:

## VI. NONASSIGNMENT BY CLAIM-ANT

The periodic payments to be received by Claimant [the Debtor] pursuant to Paragraph IV.B are not subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge or encumbrance by [the Debtor].

See Id. at ¶ VI.

[The Debtor] shall, at all times, remain a general creditor of Insurance Company or its assignee and shall have no rights in the Annuity Contract nor in any other assets of Insurance Company or its assignee. . . . [The Debtor] acknowledges that [the Debtor] has no right to receive the present value of the payments due [the Debtor] pursuant to Paragraph IV.B, or to control the investment of, or accelerate, defer, increase or decrease the amount of any payment required to be made to [the Debtor]. [The Debtor] shall only be entitled to receive the payments specified in Paragraph IV.B above, as they are due.

Id. at ¶ V(C).

Transamerica Annuity Service Corporation ("TASC") is the owner of an annuity, through which the Settlement Agreement is funded, issued by Transamerica Occidental Life Insurance Company ("TOLIC"), with the Debtor as payee/beneficiary. Pursuant to the terms of the Settlement Agreement, American States reserved the right to assign or delegate its duties to TASC. TASC purchased an annuity from TOLIC and is the owner of that annuity. The beneficiary of the annuity is the Debtor. The Debtor is not a party to the annuity contract between TASC and TOLIC. TASC is the owner of the annuity and TOLIC is the issuer thereof.

The Debtor filed a Chapter 7 bankruptcy petition on April 22, 1999. Thereafter, the Trustee was appointed. On October 23, 2000, the Trustee filed an adversary proceeding against the Debtor, American

States [1], TASC and TOLIC seeking to sell property of the Debtor's estate pursuant to 11 U.S.C. § 363(b) and (f); seeking turnover from the Debtor of the post-petition proceeds of the Settlement Agreement and to assign her rights under the Settlement Agreement; entry of an order that American States and TASC be compelled to pay all sums due under the Settlement Agreement to the Trustee; and authority to sell the estate's interest in the Settlement Agreement and annuity free and clear of all liens and interests of co-owners. TASC and TOLIC deny that the Trustee is entitled to the relief he seeks and assert several affirmative defenses, including lack of jurisdiction and a statutory defense based on an Illinois statute governing structured settlement agreements used to resolve personal injury tort claims, 215 ILCS 5/155.34.

On January 17, 2001, the Trustee filed the instant motion for summary judgment. The Trustee alleges that the Debtor's right to receive payments under the annuity is a valuable asset of the bankruptcy estate, and can be sold or assigned by the Trustee. The Trustee argues that because the last payment under the annuity does not come due until the year 2013, it would serve the interests of the creditors, the Trustee, and the economy of the estate if the Trustee were able to obtain the present value of the annuity rather than keep the Chapter 7 case open for the next twelve years. The Trustee acknowledges that while the Debtor is not a party to the annuity contract, and at most, is a third-party beneficiary of the contract, she does retain the right to receive the full amount of the settlement with American States (and its successor, TASC). The Trustee maintains that this right is a valuable contract right and is an asset of the estate that the Trustee is authorized to sell. Further, the Trustee contends that the Debtor's right as a third-party beneficiary under the annuity also constitutes an asset

of the estate that the Trustee has the power to sell.

TASC and TOLIC contend that the Trustee does not have the right to assign the payments under the Settlement Agreement pursuant to Illinois common law, 215 ILCS 5/155.34, and anti-assignment provisions in the Settlement Agreement. They do not dispute that the payments themselves are property of the Debtor's estate. Rather, they maintain that the issue before the Court is whether the Trustee has the right to assign and sell the post-petition settlement payments that have been made and will be made in the future, not whether he has the right to receive the payments on behalf of the Debtor's estate.

## III. *APPLICABLE STANDARDS*

### A. *Summary Judgment*

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). *See also Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 402 (7th Cir.1998). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir.1990); *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 378 (7th Cir.1987) (quoting *Wainwright Bank & Trust Co. v.*

---

**1.** On January 26, 2001, the Court entered an order of default against American States for failure to appear and answer or otherwise

plead pursuant to Federal Rule of Bankruptcy Procedure 7055.

*Railroadmens Federal Sav. & Loan Ass'n of Indianapolis,* 806 F.2d 146, 149 (7th Cir.1986)). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. International Bhd. of Teamsters, Local 710,* 153 F.3d 774, 777 (7th Cir.1998).

In 1986, the United States Supreme Court decided a trilogy of cases which encourage the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Matsushita,* 475 U.S. at 585–86, 106 S.Ct. 1348; *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Frey v. Fraser Yachts,* 29 F.3d 1153, 1156 (7th Cir.1994). "Summary judgment is not an appropriate occasion for weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton,* 231 F.3d 1060 (7th Cir. 2000); *Szymanski v. Rite-Way,* 231 F.3d 360 (7th Cir.2000).

Local Rule 402.M of the Bankruptcy Rules adopted for the Northern District of Illinois requires the party moving for summary judgment to file a detailed statement ("402.M statement") of material facts that the movant believes are uncontested. Local Bankr.R. 402.M. The 402.M statement "shall consist of short numbered paragraphs, including, within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." *Id.*

The Trustee filed a 402.M statement that substantially complied with the requirements of Rule 402.M. It contained numbered paragraphs setting out uncontested facts with reference to parts of the record.

The party opposing a summary judgment motion is required by Local Rule 402.N to respond ("402.N statement") to the movant's 402.M statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 402.N. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and make "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr.R. 402.N(3)(a). Most importantly, "[a]ll material facts set forth in the [402.M] statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." Local Bankr.R. 402.N(3)(b). TASC and TOLIC have complied with this Rule.

### IV. *DISCUSSION*

■ This is an issue of first impression for the Court. The Seventh Circuit Court of Appeals has not addressed the issue of whether a trustee in bankruptcy has the right to assign a debtor's structured settle-

ment payments subject to and in light of 215 ILCS 5/155.34 and anti-assignment provisions in the structured settlement documents, like those involved in the instant matter. After closely reviewing the relevant statutory and case authority, the Court concludes that the Trustee is not entitled to summary judgment as a matter of law.

■ Pursuant to 11 U.S.C. § 363(b)(1), a trustee may, after notice and a hearing, "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Property rights belonging to the debtor become assets of the bankruptcy estate. *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1343 (7th Cir.1987), *cert. denied*, 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988). "Property interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). "The nature of a debtor's interest in property is determined by state law …, but the question whether the resulting interest should count as 'property of the estate' for § 541 purposes is an issue of federal law." *Fisher v. Apostolou*, 155 F.3d 876, 880 (7th Cir.1998) (citations omitted). Thus, the second affirmative defense of TASC and TOLIC is rejected as this Court has proper subject matter jurisdiction of all assets constituting the bankruptcy estate under § 541, pursuant to 28 U.S.C. § 1334(b) and (e) [2] by which non-exclusive jurisdiction is vested in the District Court for the Northern District of Illinois for this related adversary proceeding, and which court has exclusive jurisdiction of all property of the debtor and the estate.

TASC and TOLIC do not dispute that the payments under the structured Settlement Agreement are property of the Debtor's estate. Rather, they dispute whether the Trustee has the right to assign and sell the payments now to discount the future payments to a present cash value, not whether the Trustee has the right to receive the payments on behalf of the Debtor's estate over the remainder of the Debtor's life or the remainder of the twenty-year guaranteed term of the Settlement Agreement.

Illinois law governs here. Under Illinois law, TASC and TOLIC argue that, pursuant to 215 ILCS 5/155.34, the Trustee is barred from selling or assigning the contract rights. That statute provides in pertinent part:

(a) No insurance company may make payments on a structured settlement of a claim for personal injury to anyone other than the beneficiary of the settlement *without prior approval of the circuit court* of the county where an action was or could have been maintained.

(b) No person who is the beneficiary of a structured settlement of a claim for personal injury may assign in any manner the payments of the settlement *without prior approval of the circuit court* of the county where an action was or could have been maintained.

215 ILCS 5/155.34 (emphasis supplied). The statute restricts TASC's ability to make structured settlement payments to any person other than the settlement beneficiary, as well as restricts the Trustee's ability to assign the Debtor's structured settlement payments. Pursuant to the statutory language, TASC cannot make payments under the Settlement Agreement to anyone other than the Debtor, without proper and prior court approval. Pursuant to this Illinois statute, the Trustee's request to assign or sell the payments

---

**2.** Section 1334(e) provides:

The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the

property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

28 U.S.C. § 1334(e).

must first be approved by the appropriate Illinois circuit court.

Recent Illinois case law supports the position of TASC and TOLIC. *See Stokes v. Colonial Penn Ins. Co.*, 313 Ill.App.3d 202, 204, 245 Ill.Dec. 919, 728 N.E.2d 1276, 1277 (2d Dist.2000) (Section 155.34 "requires the structured settlement beneficiary to obtain the consent of the court ... before making an assignment of the settlement payments."); *In re Powless*, 315 Ill. App.3d 859, 865, 248 Ill.Dec. 403, 734 N.E.2d 111, 116 (5th Dist.2000) ("Rather than forbid assignments, the law merely requires that the party seeking to assign a benefit first seek and receive permission."). The Trustee has not sought the approval of an Illinois court to assign the structured settlement payments under the Settlement Agreement.[3]

■ Furthermore, the Settlement Agreement itself contains anti-assignment provisions that prohibit the assignment and sale the Trustee is seeking in the motion for summary judgment. These provisions strictly prohibit the assignment of the Debtor's benefits in the Settlement Agreement. *See* Exhibit A to the Complaint at ¶s VI and V(C). The Trustee has failed to cite any persuasive authority which authorizes this Court to approve blanket authority to make a sale or assignment in light of the language in the Settlement Agreement to the contrary. While the Trustee is correct that, as a general rule, contract rights are freely assignable under Illinois law, *see Overseas Dev. Disc. Corp. v. Sangamo Const. Co., Inc.*, 686

F.2d 498, 504 n. 10 (7th Cir.1982), *appeal after remand*, 840 F.2d 1319 (7th Cir.1988), Illinois courts have upheld contractual provisions prohibiting assignments. *See Immel v. Travelers Ins. Co.*, 373 Ill. 256, 260, 26 N.E.2d 114, 116 (1940) ("The parties to a contract may agree that it may not be assigned at all and such provision is valid.") (*citing Mueller v. Northwestern Univ.*, 195 Ill. 236, 63 N.E. 110 (1902)). In fact, two Illinois courts have held that an anti-assignment provision in a structured settlement agreement is enforceable and the parties' clear intentions to incorporate this provision into the settlement agreement must not be ignored. *See Henderson v. Roadway Express*, 308 Ill. App.3d 546, 551–52, 242 Ill.Dec. 153, 720 N.E.2d 1108, 1112–13 (4th Dist.1999), *appeal denied*, 188 Ill.2d 564, 246 Ill.Dec. 123, 729 N.E.2d 496 (2000); *Green v. Safeco Life Ins. Co.*, 312 Ill.App.3d 577, 581, 245 Ill.Dec. 140, 727 N.E.2d 393, 396 (5th Dist. 2000).

■ The Court rejects the Trustee's argument that even though the Settlement Agreement contains a restriction on the Debtor's right to transfer or assign the payments, bankruptcy law—§ 363 in particular—permits him to sell and assign the Debtor's right to receive those payments under the Settlement Agreement in derogation of its contractual terms. The Court agrees, and TASC and TOLIC do not quarrel, with the proposition that the Debtor's right to receive the payments themselves are property of the Debtor's estate pursuant to § 541. The Trustee

---

**3.** TASC and TOLIC devote a portion of their response to the motion for summary judgment to the argument that an Illinois court would not approve the assignment of the structured settlement payments under the Settlement Agreement. They cite four reasons: (1) the Settlement Agreement prohibits such an assignment; (2) it would not be in the best interest of the Debtor; (3) it could increase the tax liability of TASC and TOLIC; and (4) it could impose double liability upon them. The Court will not speculate as to whether an Illinois circuit court would or would not approve an assignment or sale based on the

arguments of TASC and TOLIC, or would permit the Trustee to attempt to realize present value out of the remaining post-petition settlement payments. Clearly, pursuant to 215 ILCS 5/155.34, this Court does not have the authority or power to make that determination as it is not "the circuit court of the county where an action was or could have been maintained." These arguments should be made to the appropriate Illinois circuit court when and if the Trustee seeks the approval of that court to assign and/or sell the benefits under the Settlement Agreement.

argues, however, that under federal bankruptcy law, the Trustee may sell property of the estate without regard to state law restrictions on transfers. Specifically, the Trustee cites to § 541(c)(1) which provides in pertinent part:

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—

(A) that restricts or conditions transfer of such interest by the debtor. . . .

11 U.S.C. § 541(c)(1)(A). The Court agrees with the Trustee that the right to receive the post-petition payments under the Settlement Agreement constitutes property of the Debtor's estate, but that does not give the Trustee any greater rights under the Settlement Agreement than the Debtor had pre-petition. "[A] bankruptcy trustee succeeds only to the title and rights in property that the debtor had at the time she filed the bankruptcy petition." *In re Sanders*, 969 F.2d 591, 593 (7th Cir.1992).

The Trustee further contends that the plain meaning of § 541 and § 363 mandates the decision that the Debtor's right to receive payment under the Settlement Agreement is property of the estate, and as such, the Trustee can sell that property without regard to state law restrictions such as those imposed by 215 ILCS 5/155.34. The Court rejects this argument. The fact that the right to receive the payments constitutes an asset of the Debtor's estate does not, ipso facto, require the Court to ignore the mandate under *Butner* to look to state law when determining a debtor's interest in that property. After all, the nature of the Debtor's right, title and interest in the payments under the Settlement Agreement must be determined under state law, while the issue of whether the resulting interest should count as "property of the

estate" for § 541 purposes is an issue of federal law. The Supreme Court has emphasized that "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." *Butner*, 440 U.S. at 54, 99 S.Ct. 914. *See also Nobelman v. American Sav. Bank*, 508 U.S. 324, 329, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) ("In the absence of a controlling federal rule, we generally assume that Congress has 'left the determination of property rights in the assets of a bankrupt's estate to state law.' ") (quoting *Butner*).

 The Bankruptcy Code only overrides state law when there is a conflict between the two via the Supremacy Clause of the United States Constitution. *Butner*, 440 U.S. at 54 n. 9, 99 S.Ct. 914. The Court finds no true conflict between § 363 and 215 ILCS 5/155.34. Federal and state statutes should be construed in a congruent fashion, rather than summarily found in conflict as an important application of the principle of comity between the federal and state statutory schemes. The lack of conflict between the statutes is readily apparent here inasmuch as the Trustee has not previously applied to the appropriate Illinois circuit court for any relief under 215 ILCS 5/155.34, which he is free to do at anytime.

In addition, the Court agrees with the logic and the holding in *Integrated Solutions, Inc. v. Service Support Specialties, Inc.*, 124 F.3d 487 (3d Cir.1997). In *Integrated*, the court held that New Jersey common law prohibited the assignment of tort law claims prior to a judgment. The court found that based on New Jersey law, the trustee could not assign pre-judgment tort claims. *Id.* at 495–96. The trustee in *Integrated* made an argument similar to the one being made here by the Trustee at bar: § 363(b)(1), when read in conjunction with § 541(c)(1), authorizes the Trustee to sell the payments under the Settlement Agreement regardless of the restrictions under Illinois law and in the Settlement Agreement itself. The *Integrated* court

**308**

followed other courts and held that § 363(b)(1) was a general enabling provision that did not expand or change a debtor's interest in property merely because a bankruptcy petition is filed. *Id.* at 494 (*quoting In re Schauer,* 835 F.2d 1222, 1225 (8th Cir.1987)); *see also In re FCX,* 853 F.2d 1149, 1155 (4th Cir.1988), *cert. denied,* 489 U.S. 1011, 109 S.Ct. 1118, 103 L.Ed.2d 181 (1989). The *Schauer* court noted that § 363(b)(1) merely gave "the trustee the authority to sell or dispose of property if the debtors would have had the same right under state law." 835 F.2d at 1225. The Court concurs with this reasoning and logic. Accordingly, the Court cannot disregard, as the Trustee argues, the anti-assignment provisions in the Settlement Agreement, the Illinois statute which prohibits the assignment of those payments (absent Illinois circuit court approval) and the case law interpreting that statute.

Further, the Trustee's citation to *In re Brooks,* 248 B.R. 99 (Bankr.W.D.Mich. 2000) for the proposition that the Trustee may sell the Debtor's right to receive payments under the Settlement Agreement, to be funded by the annuity, notwithstanding the fact that the Debtor is not the owner of the annuity, does not support his position and is inapposite to the facts at bar. The *Brooks* case discussed, under Michigan law, the validity of a pre-petition assignment of structured settlement payments and the impact that the pre-petition assignment had on the debtor's estate. In *Brooks,* the pre-petition transfer effectively precluded the payments from becoming property of the bankruptcy estate under § 541(a). Those facts are distinct from the case at bar because here there has been no pre-petition assignment by the Debtor to any other party. Rather, the Court must decide the Trustee's right to sell or assign those payments under the Settlement Agreement in light of the Illinois statute and case law and the anti-assignment provisions in the Settlement Agreement.

Consequently, the Court finds that under the Illinois statute, the case law interpreting same and the Settlement Agreement itself, the Trustee's attempt to assign and/or sell the Debtor's structured settlement payments under the Settlement Agreement is barred at this time. As a result, the Court must deny the Trustee's motion for summary judgment as a matter of law.

## V. CONCLUSION

For the foregoing reasons, the Court denies the Trustee's motion for summary judgment as a matter of law.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.