In re Steven D. **BRITTON**, Sr., Betty E. **Britton**, Debtors.

No. 02–64006.

United States Bankruptcy Court, N.D. New York.

Dec. 26, 2002.

---

Mark W. Swimelar, Syracuse, NY, Chapter 13 Trustee.

James F. Selbach, Syracuse, NY, for Debtors.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

Under consideration by the Court is an objection filed by the chapter 13 trustee, Mark W. Swimelar, Esq. ("Trustee") on September 9, 2002, to confirmation of the chapter 13 plan ("Plan"), filed on July 1, 2002, by Steven D. Britton, Sr. and Betty E. Britton ("Debtors"). The Trustee contends that it fails to satisfy the liquidation test of § 1325(a)(4) of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 ("Code"), as well as the disposable income requirement found in Code § 1325(b)(1)(B).

The original hearing on confirmation was held on September 17, 2002, in Syracuse, New York. Further oral argument was heard on October 15, 2002, November 19, 2002 and December 17, 2002. At the hearing on December 17, 2002, the Court proposed to adjourn the hearing on confirmation once again in order to review the case law presented by both parties and make a determination.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), 157(b)(1), (b)(2)(L) and (O).

## FACTS

The Debtors filed a voluntary petition ("Petition") pursuant to chapter 13 of the Code on July 1, 2002. Listed on Schedule B of the Petition was an "annuity" identified as a settlement in the amount of $132.27 per month, which the Debtors initially claimed as exempt pursuant to § 5205(a)(1) of New York Civil Practice and Rules ("NYCPLR").[1] The Debtors' Plan provides for payments of $160 per month for 60 months with an estimated dividend to unsecured creditors of 28%. On September 13, 2002, the Trustee filed a motion objecting to the Debtors' claim of exemption of what had been represented to him at the § 341 meeting of creditors as a settlement from a wrongful death action. On October 17, 2002, the Court signed an Order denying the exemption, there having been no opposition to the Trustee's motion. Following entry of the Order, documents were provided to the Trustee that indicated that the settlement involved a personal injury action. Accordingly, on November 21, 2002, the Court signed an Amended Order, granting an exemption to the extent of $7,500 pursuant to New York

---

1. Actually, NYCPLR § 5205(a)(1) applies to "all stoves kept for use in the judgment debtor's dwelling house and necessary fuel therefor for sixty days; one sewing machine with its appurtenances."

Debtor and Creditor Law ("NYD & CL") § 282(3)(ii).

In his objection to confirmation, the Trustee asserts that the Debtors' Plan fails to satisfy the liquidation test set forth in Code § 1325(a)(4), arguing that the unsecured creditors would be entitled to the non-exempt portion (approximately $17,500) of the settlement of the personal injury action in a chapter 7 case. Trustee also argued that the Debtors' Plan runs amok of Code § 1325(b)(1)(B) in that Debtors failed to list the money being received from the State Court settlement as disposable income. It is the Debtors' position that while the payments from the settlement constitute property of the estate, the Trustee is bound by the anti-alienation provisions in the Settlement Agreement and Release, signed by the Debtors on November 16, 1995.[2]

At the hearing on October 17, 2002, the Trustee represented to the Court that he had consulted with two chapter 7 trustees who indicated that in their opinion there would be no problem selling the Debtors' right to the payments. However, he had no case law to support his position. At the subsequent hearing on November 19, 2002, the Trustee estimated that to meet the "best interests of creditors test" whereby unsecured creditors would receive a 100% dividend on their claims, the Debtors would have to make monthly payments of approximately $360 per month based on the proofs of claim that had been filed. Debtors' counsel estimated it would actually be approximately $380 per month.

## DISCUSSION

The issue presented is whether the Debtors' Plan provides for "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor[s] were liquidated under chapter 7 of this title on such date." 11 U.S.C. § 1325(a)(4).

It is the Trustee's position that in a chapter 7 the trustee would be able to sell or assign the Debtors' right to the payments provided for in the Settlement Agreement at a discount despite the provision in the Settlement Agreement which prohibits the Debtors from selling, mortgaging, encumbering, or anticipating the Periodic Payments, or any part thereof, by assignment or otherwise. In support of his position, the Trustee directs the Court to a decision from the Southern District of Georgia in which the Honorable Lamar W. Davis, Jr., United States Bankruptcy Judge, concluded that the chapter 7 trustee was authorized to assign the debtor's future stream of income payments under the terms of a settlement agreement in a wrongful death action, subject to any exemption to which the debtor might be entitled. See In re Cooper, 242 B.R. 767, 772 (Bankr.S.D.Ga.1999). The court in Cooper found two bases for its decision. First, it concluded that the settlement agreement was ambiguous in that one paragraph limited the debtor's ability to assign her rights in the contract, and yet another paragraph made reference to the fact that the settlement was to "inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assignees of each." Id. at 770. The court concluded that because of the ambiguity, the trustee could assign the right to the

---

**2.** Specifically, the Settlement Agreement provides that the "Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee; nor shall the Plaintiff or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise."

periodic payments. *Id.* The court also reached the same conclusion based on Georgia state law, which provided that " 'once a party to the contract performs its obligations thereunder so that the contract is no longer executory, its right to enforce the other party's liability under the contract may be assigned without the other party's consent *even if the contract contains a non-assignment clause.' "* Id.*, quoting *Mail Concepts, Inc. v. Foote & Davies, Inc.*, 200 Ga.App. 778, 781, 409 S.E.2d 567, 570 (1991) (emphasis supplied).

■ Under New York law, only *express* limitations on assignability are enforceable.

[T]o reveal the intent necessary to preclude the power to assign, or cause an assignment violative of contractual provisions to be wholly void, [a contractual] clause must contain express provisions that any assignment shall be void or invalid if not made in a certain specified way.

*Pravin Banker Assoc. v. Banco Popular Del Peru*, 109 F.3d 850, 856 (2d Cir.1997), quoting *University Mews Assoc. v. Jeanmarie*, 122 Misc.2d 434, 471 N.Y.S.2d 457, 461 (N.Y.Sup.Ct.1983). "The modern approach to contracts rejects traditional common-law restrictions on the alienability of contract rights in favor of free assignability of contracts." *See Rumbin v. Utica Mutual Ins. Co.*, 254 Conn. 259, 267, 757 A.2d 526, 531 (2000) (citations omitted). In this case, there are no express provisions in the Settlement Agreement that any assignment shall be void or invalid.[3]

■ Furthermore, whether the Trustee has the ability or power to sell and assign the Debtors' right to the payments under the Settlement Agreement is ultimately not determinative of the issue before this Court. Neither party disputes that the right to receive the postpetition payments under the terms of the Settlement Agreement constitutes property of the estate pursuant to Code § 541(a)(1) and (c)(1)(A).[4] At the time the Debtors filed their petition, they had a present contractual right to receive the monthly settlement payments. *See In re Walters*, 172 B.R. 283, 286 (Bankr.W.D.Mo.1994). Thus, any future periodic payments that the Debtors are entitled to receive constitute property of the estate. Had the Debtors filed a petition pursuant to chapter 7, those future payments would have been available to their creditors, whether or not the chapter 7 trustee was entitled under New York law to sell or assign the Debtors' rights to those payments. From a practical point of view, it is unlikely that a chapter 7 trustee would wish to administer the assets of a debtor over the remainder of the thirty years provided for in the Settlement Agreement. Nonetheless, as property of the estate, he/she would certainly be within their rights to do so. Accordingly, the Debtors' Plan, as it currently exists, does not comply with the requirements of Code § 1325(a)(4) as it does not provide for the present value

---

3. While the provisions of the Settlement Agreement do not render the assignment of the right to the payments ineffective, it may entitle the annuity issuer/obligor to bring suit to recover damages, if any, for breach of the anti-assignment provision. *See Rumbin*, 254 Conn. at 267, 757 A.2d at 530.

4. Code § 541(c)(1) provides that "Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement ... (A) that restricts or conditions transfer of such interest by the debtor." 11 U.S.C. § 541(c)(1)(A). However, the section gives the Trustee no greater rights under the Settlement Agreement than the Debtors had prepetition. *See In re Crossman*, 259 B.R. 301, 307 (Bankr. N.D.Ill.2001) (citation omitted).

of the Debtor's right to receive payments under the terms of the Settlement Agreement.

Based on the foregoing, it is hereby

ORDERED that confirmation of the Debtors' Plan, filed July 1, 2002, is denied.