In re Lori C. PAUL, Debtor.

Thomas B. Sullivan, Trustee, Plaintiff,

v.

Lori C. Paul, Country Mutual Insurance Company, GE Capital Assurance Co., John P. Paul, and Kay H. Paul, Defendants.

Bankruptcy No. 99 B 36799.
Adversary No. 00 A 00605.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 8, 2001.

Gary L. Wunderlich/Wunderlich Law Office, Ltd., Daniel J. Kramer/Law Office of Daniel J. Kramer, Bradley S. Covey, Thomas E. Springer, Attorney for Respondent or Defendant.

Thomas B. Sullivan, Trustee or Other Attorneys.

## MEMORANDUM OPINION AND ORDER

CAROL A. DOYLE, Bankruptcy Judge.

The trustee in this Chapter 7 bankruptcy case, Thomas Sullivan, filed an adversary complaint seeking authority to sell and assign the debtor's right to receive payments under an annuity. The annuity was purchased by Country Mutual Insurance Company ("Country Mutual") as part of a structured settlement of a personal injury claim asserted by the debtor. The trustee seeks authorization to sell or assign the debtor's right to receive payments under the annuity under § 363(b) of the Bankruptcy Code, 11 U.S.C. § 363(b). However, under an Illinois statute, the debtor could not sell her right to receive payments under the annuity unless authorized to do so by a circuit court of the State of Illinois. Because the trustee holds only the same rights as the debtor in the annuity, he cannot sell the right to receive payments without the authorization of the state court. The court therefore denies the trustee's motion for summary judgment.

## BACKGROUND

The debtor is the beneficiary of an annuity (the "Annuity") issued by Defendant GE Capital Assurance Company (as a successor to another insurance company). Defendant Country Mutual is the owner of the Annuity that was established for the

David P. Lloyd, Grochocinski, Grochocinski & Lloyd, Ltd., Attorney for Movant or Plaintiff.

payment of a structured settlement between Country Mutual and the debtor. The debtor has no ownership rights in the Annuity itself. Instead, under a Receipt and Trust Agreement she entered into with Country Mutual, the debtor has the right to receive certain payments at certain dates until she reaches age 50. If she is not paid these amounts through the Annuity, Country Mutual is liable to her for them.

The trustee filed an adversary complaint to sell the debtor's right to receive payments under the Annuity free and clear of liens under § 363(b) and (f) of the Bankruptcy Code, 11 U.S.C. § 363(b), (f). The trustee then filed this motion for summary judgment seeking authorization to sell or assign the debtor's rights to receive payments under the Annuity.

## DISCUSSION

■ The trustee asserts that the debtor's right to receive payments under the Annuity in this case is property of the estate. Country Mutual does not dispute this assertion and therefore concedes the point for purposes of this motion. The only disputed issue is whether the trustee has the right to sell or assign the debtor's right to receive payments under the Annuity in light of a contract clause prohibiting assignment and an Illinois statute restricting assignment of structured settlement payments.[1]

Under the Receipt and Trust Agreement entered into between Country Mutual and the debtor, the debtor is expressly prohibited from assigning her right to receive payments under the Annuity. It provides that the debtor "shall not have the right to change the beneficiary or contingent beneficiary, nor shall she have any right of assignment of the payments under the aforesaid annuity contract, or the right to pledge or otherwise hypothecate the payments."

In addition, § 155.34 of the Illinois Insurance Code expressly prohibits the beneficiary of a structured settlement from assigning the payments under a structured settlement without prior approval of a state court. This section provides:

(a) No insurance company may make payments on a structured settlement of a claim for personal injury to anyone other than the beneficiary of the settlement without prior approval of the circuit court of the county where an action was or could have been maintained.

(b) No person who is the beneficiary of a structured settlement of a claim for personal injury may assign in any manner the payments of the settlement without prior approval of the circuit court of the county where an action was or could have been maintained.

215 ILCS 5/155.34. This provision would prohibit the debtor from assigning her right to payment under the annuity and Country Mutual from making any payments to an assignee without the prior approval of a state court in the appropriate county.

### Section 541(c)

■ The trustee argues that he is entitled to sell the debtor's right to receive payments under the Annuity despite the anti-assignment clause in the Trust and

---

**1.** Country Mutual also asserts without citation to any authority that this court does not have jurisdiction to permit the assignment or sale of the debtor's right to receive payments under the Annuity. This court clearly has jurisdiction to determine what is property of the estate and to determine whether property of the estate may be sold by the trustee. 28 U.S.C. § 1334(b), (e); 28 U.S.C. § 157(b)(1) and (b)(2)(N). *See also Fisher v. Apostolou,* 155 F.3d 876, 880 (7th Cir.1998).

Receipt Agreement and the Illinois Insurance Code provision prohibiting assignment without approval of a state court. He contends that § 541(c)(1) of the Bankruptcy Code, 11 U.S.C. § 541(c)(1), authorizes the trustee to sell property without regard to state-law restrictions on transfer.

Section 541(c)(1) provides that "an interest of the debtor in property becomes property of the estate ... notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—(a) that restricts or conditions transfer of such interest by the debtor; ...." Section 541 governs what is property of the estate; it does not address what a trustee is allowed to do with that property. As the court recently held in *Grochocinski v. Crossman (In re Crossman)*, 259 B.R. 301 (Bankr.N.D.Ill.2001) (J. Squires), a case nearly identical to this one, nothing in the language of § 541(c)(1) authorizes the trustee to ignore state law or contractual agreements relating to property of the estate that restrict the right to transfer the property.

■ As noted in *Crossman*, while federal law determines what is property of the estate, the nature of the debtor's interest in the property is generally determined by state law. *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state

law."); *Fisher v. Apostolou*, 155 F.3d 876, 880 (7th Cir.1998) (" 'The nature of a debtor's interest in property is determined by state law ..., but the question whether the resulting interest should count as 'property of the estate' for purposes of § 541 purposes is an issue of federal law.' [Citation omitted].") A trustee generally has no greater rights in property of the estate than the debtor held. As the court held in *In re Sanders*, 969 F.2d 591, 593 (7th Cir.1992),

"[A] bankruptcy trustee succeeds only to the title and rights in property that the debtor had at the time she filed the bankruptcy petition. (Citations omitted.) Filing a bankruptcy petition does not expand or change a debtor's interest in an asset; it merely changes the party who holds that interest. (Citation omitted.) Further, a trustee takes the property subject to the same restrictions that existed at the commencement of the case. 'To the extent an interest is limited in the hands of a debtor, it is equally limited as property of the estate.' (Citation omitted.)"

The trustee has not cited any cases holding that a Chapter 7 case trustee has greater rights to sell or assign property of the estate than the debtor held when the bankruptcy was filed.[2] Section 541 does not relieve the trustee of the statutory and contractual restrictions on the debtor's

**2.** *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), cited by the trustee, concerned whether the debtor's property became property of the estate, not whether a bankruptcy trustee could then sell the property despite restrictions on transfer. *Regan v. Ross*, 691 F.2d 81 (2nd Cir.1982), also cited by the trustee, dealt with the issuance of an income deduction order under Chapter 13 of the Bankruptcy Code. The court held that several provisions of Chapter 13 (including § 1306(a), § 1322(a)(1) and

§ 1325(c)) demonstrated specific Congressional intent that a Chapter 13 debtor may devote future income from a pension to his or her chapter 13 case, despite state law restrictions on assignment of the pension. The court's analysis is not relevant to a Chapter 7 case where there are no similar statutory provisions or other evidence of a clear Congressional intent to override state law. The case also dealt with the spendthrift trust provision of § 541(c)(2), which is not applicable here.

ability to assign her right to receive Annuity payments.

## Section 363(b)

■ The trustee also argues that § 363(b)(1) of the Bankruptcy Code permits him to sell the debtor's right to payments under the Annuity. Section 363(b)(1) permits a trustee to sell property of the estate outside the ordinary course of business after notice and a hearing. 11 U.S.C. § 363(b)(1). However, § 363(b)(1) does not expand a trustee's rights in property of the estate beyond those held by the debtor. Section 363(b)(1) merely allows a trustee to sell property if the debtor would have had the same right under state law. See In re Schauer, 835 F.2d 1222, 1225 (8th Cir.1987); Integrated Solutions, Inc. v. Service Support Specialties, Inc., 124 F.3d 487, 492–94 (3rd Cir.1997) (trustee was not permitted to assign pre-judgment tort claims because state law prohibited such assignment); Grochocinski v. Crossman, 259 B.R. at 307–08. Therefore, neither § 541(c) nor § 363(b) enlarges postpetition the trustee's rights in property of the estate beyond those held by the debtor pre-petition.

## In re Brooks

The trustee also relies on In re Brooks, 248 B.R. 99 (Bankr.W.D.Mich.2000), as authority for permitting a trustee to assign a debtor's rights under a structured settlement annuity despite an anti-assignment clause. However, the Brooks court addressed whether a debtor's pre-petition assignment of his right to structured settlement payments was valid under Michigan law. The Brooks court's decision hinged entirely on its view of Michigan law, not bankruptcy law or Illinois law. It did not even consider whether a trustee has a greater right than the debtor to sell or assign structured settlement payments.

In addition, the Brooks court concluded that a Michigan insurance statute prohibiting assignment did not apply to the debtor and that the anti-assignment provisions of the annuity probably would not be enforceable under Michigan law for various reasons. 248 B.R. at 104. In this case, however, § 155.43 of the Illinois Insurance Code clearly applies to prohibit the debtor from assigning her right to receive payments under the annuity without getting the prior approval of the appropriate state court. Illinois courts interpreting § 155.43 and anti-assignment clauses in structured settlement contracts have held that these anti-assignment clauses are enforceable against the beneficiary and have affirmed trial court decisions refusing to approve transfers of the right to receive payments. See Henderson v. Roadway Express, 308 Ill.App.3d 546, 551–52, 242 Ill.Dec. 153, 720 N.E.2d 1108, 1112–13 (1999); appeal denied, 188 Ill.2d 564, 246 Ill.Dec. 123, 729 N.E.2d 496 (2000) (affirmed trial court's refusal to approve transfer of right to payment, finding anti-assignment clause enforceable against beneficiary); Green v. Safeco Life Ins. Co., 312 Ill.App.3d 577, 581, 245 Ill.Dec. 140, 727 N.E.2d 393, 396 (2000) (reversed trial court's approval of assignment under structured settlement agreement in light of anti-assignment clause). Therefore, the Brooks decision, which does not apply Illinois law or §§ 541 or 363 of the Bankruptcy Code, does not support the trustee's argument that he has greater rights to sell or assign than the debtor.

The trustee also relies on Brooks in arguing that the restrictions on transfer in the Annuity contract do not bind him because the debtor was not a party to the Annuity contract. The Brooks court held that, because the debtor was not a party to the annuity contract in question, the debtor was not bound by restrictions on transfer in that contract. However, in this

case, the debtor expressly agreed directly with Country Mutual in the Receipt and Trust Agreement to the language prohibiting assignment of the debtor's right to receive payments under the Annuity. Therefore, the *Brooks* court's analysis on this issue is inapplicable to this case.

## CONCLUSION

For all of the reasons stated above, the court concludes that the trustee may not assign the debtor's right to receive payments under the Annuity unless it obtains approval from a state court as required under § 155.34 of the Illinois Insurance Code. The trustee's motion for summary judgment is therefore denied.

**SO ORDERED.**