# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Steiner v. Eckert*, 2013 IL App (2d) 121290

---

| | |
|---|---|
| Appellate Court Caption | GREGORY STEINER and AGRISTAR FROZEN FOODS, INC., Plaintiffs-Appellees, v. JEFFREY P. ECKERT, Defendant-Appellant (Platinum Frozen Foods, Inc., Benchmark Holdings Group, Inc., Meadows Cold Storage, Inc., and Americe, Inc., Defendants). |
| District & No. | Second District<br>Docket No. 2-12-1290 |
| Filed | August 23, 2013 |
| Rehearing denied | October 4, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's decision to enforce the parties' settlement agreement as amended by their forbearance agreement was upheld on appeal, since the trial court had a proper basis for concluding that the parties had entered into a settlement agreement and, as modified by the forbearance agreement, the settlement agreement unambiguously provided for the entry of a judgment against defendant for $1 million if he was still in default after the expiration of the eight-month forbearance period. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 09-CH-2305; the Hon. Terence M. Sheen, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

David Drenk, of Leoris & Cohen, P.C., of Highland Park, for appellant.

Neal H. Levin and Ryan W. Blackney, both of Freeborn & Peters LLP, of Chicago, for appellee.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.

Justices Hutchinson and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1 Defendant Jeffrey P. Eckert appeals from the order of the circuit court of Du Page County granting plaintiff Gregory Steiner's amended motion for enforcement of a settlement agreement and entering judgment in favor of Steiner for $1 million, and from the trial court's subsequent order denying Eckert's motion to vacate.[1] Because the trial court did not abuse its discretion either in granting the amended motion to enforce the settlement agreement or in entering judgment, we affirm.

¶ 2 I. BACKGROUND

¶ 3 Plaintiffs, Steiner and AgriStar Frozen Foods, Inc., filed a 12-count complaint against, among others, Eckert and Platinum Frozen Foods, Inc., of which Eckert was the sole officer, director, and shareholder. Steiner and Eckert entered into a settlement agreement, dated June 29, 2010, and an addendum thereto, dated August 10, 2010, under which Eckert agreed to pay Steiner a certain amount of money in exchange for dismissal of plaintiffs' claims. The settlement agreement further provided that plaintiffs' claims would be dismissed with leave to reinstate should Eckert default under the settlement agreement. The settlement agreement also stated that, if Eckert satisfied his monetary obligation under its terms, then all claims would be dismissed with prejudice. In the event of Eckert's default, Steiner retained the right under the settlement agreement to obtain a judgment against Eckert for $1 million minus any amounts received under the settlement agreement.

¶ 4 On September 3, 2010, the trial court entered an agreed order that stated that the "parties have entered a [s]ettlement [a]greement resolving the claims of this litigation." The September 3 order also provided that, by "agreement of the parties, and pursuant to the [s]ettlement [a]greement," the complaint was dismissed without prejudice to plaintiffs' right to reinstate if Eckert defaulted under the settlement agreement. The order further stated that,

---

[1]Although the notice of appeal also refers to the March 27, 2012, order denying Eckert's motion to disqualify Steiner's counsel, he raises no issue on appeal as to that ruling.

upon satisfaction of the monetary obligation under the settlement agreement, the complaint would be dismissed with prejudice. Also, a counterclaim, filed by Platinum Frozen Foods, Inc., was dismissed, and the trial court retained jurisdiction to enforce the settlement agreement. The order was signed by counsel for plaintiffs and by attorney Douglas Drenk for Eckert and Platinum Frozen Foods, Inc. A handwritten notation, next to Drenk's signature, stated "per clients [*sic*] express approval 9-2-2010."

¶ 5    On February 8, 2011, Steiner and Eckert entered into a written "forbearance agreement," requiring Steiner to forgo enforcing his rights under the settlement agreement for a period of eight months. In consideration of such forbearance, Steiner would "cause to be executed" a judgment in the amount of $1 million in favor of himself and against Eckert. The forbearance agreement further provided that, during the eight-month period, execution of the judgment would be stayed and not "entered on the docket." Finally, the forbearance agreement stated that, if Eckert were in default under the settlement agreement at the end of the eight-month period, Steiner could "have the [j]udgment entered on the docket, record the [j]udgment and execute upon the [j]udgment," as well as exercise any other rights and remedies under the settlement agreement.

¶ 6    On December 11, 2011, Steiner filed a combined, amended motion to enforce the settlement agreement and for entry of judgment (amended motion). The amended motion referred to the settlement agreement, the forbearance agreement, and the September 3, 2010, agreed order. The amended motion asserted that, as of its date, Eckert had not paid any money toward satisfaction of the amount owed under the settlement agreement. The amended motion thus asserted that Eckert was in default under the settlement agreement and the forbearance agreement and that entry of judgment in the amount of $1 million was proper. The amended motion asked the trial court to enter a judgment of $1 million in favor of Steiner and against Eckert.

¶ 7    On December 21, 2011, attorney Daniel Voelcker filed a "supplemental appearance" on behalf of Eckert. The next day, Eckert filed a motion to disqualify Steiner's attorney.

¶ 8    After denying the motion to disqualify on March 27, 2012, the trial court set a briefing schedule on Steiner's amended motion. The trial court also set the amended motion for a hearing on July 12, 2012. On May 8, 2012, Eckert filed a motion to stay the briefing schedule and hearing on the amended motion. However, the record reflects that the motion to stay was never noticed up or ruled on. Eckert never filed any written response to Steiner's amended motion.

¶ 9    At the July 12 hearing on the amended motion, Eckert was represented by an attorney from the Voelcker law firm. Additionally, Drenk stated that he would be seeking leave to file an appearance as additional counsel for Eckert.[2]

¶ 10    Also at the July 12 hearing, the trial court noted that Eckert had filed no response to the amended motion. The trial court further stated that "there's no reason ***, based on the

---

[2]Although the transcript states that Drenk was going to seek to file his appearance for "Steiner," that is clearly in error as Drenk's subsequently filed appearance stated that he was representing Eckert.

unopposed pleadings, *** [not to] grant the [m]otion to [e]nforce the [s]ettlement and [e]ntry of [j]udgment," and that it was "going to do that" because "there [were] no pleadings filed in response to [the motion]." Eckert's attorney did not respond or object to the amended motion or the trial court's comments during the hearing. The trial court entered a written order on that same date, stating that Eckert failed to file a response to the amended motion and entering a judgment in favor of Steiner and against Eckert in the amount of $1 million plus postjudgment interest.

¶ 11        On August 10, 2012, Eckert, represented by Drenk, filed a verified motion to vacate the July 12, 2012, judgment pursuant to "735 ILCS 5/2-1203 and/or 735 ILCS 5/2-1301(e) [(West 2010)]." In the motion to vacate, Eckert contended that no valid settlement agreement was shown to exist by either verified pleadings or evidence. Additionally, Eckert argued that the settlement agreement, if it did exist, made "no sense whatsoever and [was] completely 'nonsensical' and unenforceable even if valid."

¶ 12        On November 1, 2012, the trial court conducted a hearing on the motion to vacate. The trial court ruled that there was not a "mistake of fact, a mistake of law, [or] a change in the law." The trial court further stated that its July 12 order showed that, although Eckert was given an opportunity to object to Steiner's amended motion, he failed to do so. The trial court also explained that it had previously noted that there was a settlement agreement and that it had retained jurisdiction to enforce it. The trial court added that there was "no issue as to whether there was an agreement or not," because the agreement had never been contested and Eckert's pleadings had admitted its existence. The trial court also found that the settlement agreement was not ambiguous. The trial court therefore denied the motion to vacate. In doing so, it further stated that section 2-1301(e) of the Code of Civil Procedure (735 ILCS 5/2-1301(e) (West 2010)) "really doesn't apply." Following the denial of his motion to vacate, Eckert filed this timely appeal.

¶ 13                                    II. ANALYSIS

¶ 14        On appeal, Eckert, relying on sections 2-1301 and 2-1203, contends that the trial court abused its discretion when it summarily granted the amended motion and entered judgment in favor of Steiner, because Steiner submitted no verified pleadings or evidence to establish the existence of the settlement agreement. Alternatively, Eckert argues that, even if the settlement agreement had been shown to exist, there should have been an evidentiary hearing before enforcing it, because its terms were ambiguous. We will address each of these contentions in turn.

¶ 15        Preliminarily, however, we address Eckert's procedural contention that the trial court effectively entered a default judgment against him for failure to plead when it granted the amended motion and entered judgment for $1 million. He relatedly contends that the "default judgment" was improperly entered because Steiner never established the existence of the settlement agreement or the forbearance agreement by way of an evidentiary "prove up." As the trial court correctly noted, there was no default judgment entered in this case. A default judgment can be entered only for want of appearance or failure to plead. *Teitelbaum v. Reliable Welding Co.*, 106 Ill. App. 3d 651, 658 (1982); see also 735 ILCS 5/2-1301(d)

(West 2010) (default judgment may be entered for want of appearance or failure to plead). Eckert's failure to respond in writing or otherwise object to the amended motion does not make the resulting judgment one based on default for a failure to plead. See *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 597 (2006) (a motion is not a pleading). By entering into the settlement agreement and the forbearance agreement, Eckert negated any need to plead or otherwise respond to Steiner's complaint. Therefore, the trial court correctly ruled that there was no default judgment entered and that section 2-1301(e) did not apply in this case. Accordingly, we need not consider Eckert's argument based on section 2-1301(e). Even if we were to consider that argument, it would fail because Eckert failed to raise the issue before the trial court granted the amended motion and entered judgment. See *In re B.L.*, 315 Ill. App. 3d 602, 605 (2000) (party may not acquiesce in procedure and complain on appeal).

¶ 16      As noted, Eckert's motion to vacate also challenged the July 12 order under section 2-1203. That provision permits a party to seek to vacate a judgment in a nonjury case. See 735 ILCS 5/2-1203(a) (West 2010). The purpose of such a motion is to alert the trial court to errors it has committed and to afford it an opportunity to correct those errors. *Regas v. Associated Radiologists, Ltd.*, 230 Ill. App. 3d 959, 967 (1992). We review the trial court's denial of a section 2-1203 motion for an abuse of discretion. *Jacobo v. Vandervere*, 401 Ill. App. 3d 712, 715 (2010). In deciding whether the trial court abused its discretion in this context, the question is not whether we agree with the trial court, but whether the trial court acted arbitrarily without conscientious judgment, or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law such that substantial prejudice resulted. *In re Marriage of Wolff*, 355 Ill. App. 3d 403, 409 (2005).

¶ 17      A trial court is authorized, under certain circumstances, to summarily enforce a settlement agreement entered into by the parties while the suit is pending. *Pritchett v. Asbestos Claims Management Corp.*, 332 Ill. App. 3d 890, 896-97 (2002). Settlement agreements are encouraged and are given full force and effect. *Green v. Safeco Life Insurance Co.*, 312 Ill. App. 3d 577, 581 (2000). Illinois courts recognize settlement agreements when they are based upon sufficient consideration and the parties have met on equal terms. *McAllister v. Hayes*, 165 Ill. App. 3d 426, 427 (1988). We will not disturb a trial court's decision to enforce a settlement agreement absent an abuse of discretion. *Lampe v. O'Toole*, 292 Ill. App. 3d 144, 146 (1997).

¶ 18      To enforce a settlement agreement, the movant must allege the liability of the nonmovant, the agreement concerning the amount to be paid, and the acceptance of the agreement in settlement of the underlying dispute. *McAllister*, 165 Ill. App. 3d at 427. Settlement agreements are binding so long as there is clearly an offer to compromise, acceptance, and a meeting of the minds. *Magee v. Garreau*, 332 Ill. App. 3d 1070, 1076 (2002). Counsel may bind a client to a settlement agreement provided that counsel has the authority to do so. *Lampe*, 292 Ill. App. 3d at 146.

¶ 19      In our case, we first address Eckert's contention that the trial court erred in granting the amended motion when Steiner failed to show, via verified pleadings or evidence, the existence of a valid settlement agreement. Steiner alleged in his amended motion the existence of the settlement agreement, the existence of the forbearance agreement, and the precise terms upon which he relied in support of his request for a judgment based on the

agreements. Eckert did not dispute these allegations before the trial court entered judgment, even though he was given proper notice and ample opportunity to do so. Additionally, the trial court had previously entered an "agreed order" expressly recognizing the settlement agreement, to which Eckert did not object. Eckert also entered into the forbearance agreement, which expressly relied on the existence of the settlement agreement and the fact that Eckert was in default under its terms. The foregoing together show that the trial court had a proper basis for concluding that the parties had entered into a settlement agreement, as modified by the forbearance agreement, and what the relevant terms were.

¶ 20    Eckert attempted to show in his motion to vacate that the trial court had overlooked a disputed issue of fact as to whether the parties had entered into a valid settlement agreement and that it should have conducted an evidentiary hearing on that issue. Specifically, he pointed out that he sent Steiner an email in which he withdrew his settlement offer because Steiner had not yet signed the settlement agreement. In his response to the motion to vacate, however, Steiner attached another email from Eckert in which Eckert retracted his withdrawal.

¶ 21    A settlement agreement requires a meeting of the minds. *City of Chicago v. Ramirez*, 366 Ill. App. 3d 935, 946 (2006). An evidentiary hearing regarding the formation and terms of a settlement agreement is appropriate when there are disputed factual issues in that regard and additional evidence is necessary to satisfactorily resolve the issues. *Ramirez*, 366 Ill. App. 3d at 946. Where there is no legitimate dispute as to the facts essential to a purported settlement agreement, the existence of a settlement agreement is a question of law. *Ogle v. Hotto*, 273 Ill. App. 3d 313, 319-20 (1995).

¶ 22    In this case, Eckert never raised any factual issue as to the existence of the settlement agreement or its terms, or requested an evidentiary hearing in that regard, prior to the trial court's ruling on Steiner's amended motion. See *In re Estate of Rice*, 108 Ill. App. 3d 751, 759 (1982) (summary proceeding regarding a settlement agreement approved where opposing party never objected or requested an evidentiary hearing). In that respect, he forfeited the opportunity to do so. See *In re B.L.*, 315 Ill. App. 3d at 605. Although he belatedly attempted to raise a factual issue via his motion to vacate, the evidence he relied on was readily available to him prior to the trial court's July 12 order and judgment. As the trial court correctly observed, "there was no issue as to whether there was an agreement or not" at the time it entered judgment on July 12. This ruling was not arbitrary, nor did it exceed the bounds of reason or ignore recognized legal principles such that substantial prejudice resulted. See *Woolums v. Huss*, 323 Ill. App. 3d 628, 640 (2001) (purpose of postjudgment motion is not to "add new evidence that could have been produced earlier").

¶ 23    Eckert next maintains that the trial court should not have entered judgment pursuant to the summary proceeding, because the terms of the settlement agreement were ambiguous. Again, no such argument was raised prior to the July 12 order, although it readily could have been. Moreover, as the trial court stated, the settlement agreement, as alleged, was not "ambiguous at all." This was an accurate characterization, as the settlement agreement, as alleged, plainly called for a judgment of $1 million in the event that Eckert failed to comply with its terms.

¶ 24    Finally, we note that the settlement agreement was effectively amended by the forbearance agreement. The forbearance agreement, consistent with the settlement agreement, provided for a $1 million judgment in the event that Eckert was still in default under the settlement agreement after the eight-month period expired. The trial court's decision to enforce the settlement agreement necessarily depended on the forbearance agreement. Its July 12 judgment for $1 million based on the settlement agreement, as amended by the forbearance agreement, was entirely proper. Eckert has not shown that the trial court abused its discretion in enforcing the settlement agreement as amended by the forbearance agreement and entering judgment.

¶ 25                                    III. CONCLUSION

¶ 26    For the foregoing reasons, we affirm the order of the circuit court of Du Page County granting Steiner's amended motion to enforce the settlement agreement and its entry of judgment in favor of Steiner and against Eckert in the amount of $1 million plus postjudgment interest.

¶ 27    Affirmed.