2023 IL App (2d) 210647-U
No. 2-21-0647
Order filed March 20, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2006-FLX1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FLX1, | ) ) ) ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | No. 13-CH-3472 |
| v. | ) ) | |
| YUKI SHELTON | ) ) | Honorable Robert G. Gibson, |
| Defendants-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's denial of defendant's motion to vacate certain orders in the underlying proceedings for plaintiff's alleged non-compliance with Rule 11 was not an abuse of discretion.

¶ 2    Defendant appeals from the trial court's order approving report of sale and distribution of the subject property commonly known as 17W545 Southlane Drive, Villa Park. Defendant contends in this appeal that her motion to vacate the amended judgment of foreclosure and sale in favor of plaintiff was denied in error as, she argues, plaintiff failed to comply with Illinois Supreme

Court Rule 11 (IL. S. Ct. R. 11 (eff. July 1, 2021)) by serving notices throughout the underlying proceedings at her residence, as opposed to her former attorney's address. Defendant's contention is without merit, and we affirm the trial court's denial of that motion.

¶ 3                                 I. BACKGROUND

¶ 4       On December 18, 2013, plaintiff filed a complaint against defendant to foreclose mortgage on the subject property. The complaint was served on defendant at her residence, the subject property. On April 9, 2014, defendant's son and attorney, Paul Shelton (Shelton), entered an appearance on her behalf. Shelton's appearance filing listed 3 Grant Square, Suite 363, Hinsdale, as his address.

¶ 5       On January 20, 2015, plaintiff filed a motion for entry of an order of default which claimed that defendant failed to file a responsive pleading to the complaint for foreclosure. The service list attached to plaintiff's motion listed Shelton at 7 North Grant Street, Suite LL, Hinsdale. On January 22, 2015, the trial court ordered defendant to file an answer to plaintiff's complaint within 14 days. Defendant was further ordered to "file updated contact information and serve plaintiff."

¶ 6       On February 9, 2015, defendant, still represented by Shelton, filed an answer to the foreclosure complaint with affirmative defenses. Therein, defendant averred that she "maintains a mailing address at 17W545 Southlane Drive" in Villa Park. Plaintiff subsequently withdrew its motion for entry of an order of default. Plaintiff's answer to defendant's affirmative defenses was filed on March 20, 2015, with an attachment detailing service on Shelton at 3 Grant Square, Suite 363, Hinsdale.

¶ 7       On February 17, 2016, the trial court entered the following order:

"Paul Shelton's appearance on behalf of [defendant] is stricken as Paul Shelton has been disbarred; [defendant] shall have 21 days to file an appearance; plaintiff may send future notices directly to [defendant]."

¶ 8       On April 1, 2016, plaintiff filed a motion for summary judgment. Notice of the motion was served on defendant at her residence, the subject property. Defendant entered a *pro se* "substitute" appearance on April 12, 2016, and filed a motion for additional time to file her response to plaintiff's motion for summary judgment. Defendant attached a proposed order to her motion which continued to list her address as her disbarred son's address at 3 Grant Square, Suite 363, Hinsdale. Defendant was allowed 28 days to respond to plaintiff's motion. She never filed a response. The trial court granted plaintiff's motion for summary judgment and entered a judgment of foreclosure and sale on June 15, 2016.

¶ 9       On May 2, 2018, plaintiff filed a motion for leave to file a first amended foreclosure complaint seeking to add Shelton and Donna J. Bissett as defendants because plaintiff believed they may have had some interest in the subject property. Notice of the motion was served on defendant by mail at the subject property address. The trial court granted the motion and plaintiff filed an amended complaint to foreclose mortgage on May 17, 2018. The complaint was served on defendant by mail at the subject property address. Defendant filed no response.

¶ 10      On April 4, 2019, plaintiff filed a motion for entry of default and motion for entry of judgment of foreclosure against Shelton and Bissett. Notice of the motions were served on defendant by mail at the subject property address. On April 17, 2019, the trial court entered an order of default against Shelton and Bissett. An amended judgment of foreclosure and sale was also entered on that date.

¶ 11 Defendant was served by mail at the subject property with several notices of pending sheriff sales (June 17, 2019, September 18, 2019, June 17, 2020, December 8, 2020) that did not proceed. On December 22, 2020, defendant, represented by Giovanni Raimondi, filed a motion to vacate the June 15, 2016, judgment of foreclosure and sale pursuant to 2-1203(a) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1203(a) (West 2020)). The motion argued that plaintiff "failed to comply with Illinois Supreme Court Rule 11 when serving any notices or orders on Defendant following the filing of her *pro se* substitute appearance." Defendant's motion requested, *inter alia*, that the trial court vacate the June 15, 2016, judgment of foreclosure and the April 17, 2019, amended judgment of foreclosure against her as a matter of "substantial justice."

¶ 12 The trial court held a hearing on defendant's motion to vacate on March 16, 2021. At the hearing, defense counsel admitted that defendant resided at the subject property. Further, counsel was unaware who occupied 3 Grant Square, Suite 363, Hinsdale, following Shelton's disbarment. The trial court made the following findings and observations on defendant's motion:

"I mean you understand that the whole purpose of appearances is to make sure that parties get notice of a case, and you don't even know if there's anyone connected to this case who's at that address. So why should they be sending notices to an address that *** may have no connection to the property, whether there's an appearance on file or not, when [defendant] *** was *pro se* at the time of the incidents that are being discussed here at the property address where she's living?

*** I know [defense counsel] said that until that appearance is stricken, whether it's a bad address or not, those notices should be sent there. But, and this is why I gave you a backdrop here. Mr. Shelton, it was correct that he was disbarred in the Court's view, because this Court observed *** his actions and inactions in this Court. And certainly it

doesn't escape this Court's notice that somehow [defendant], who I believe is a 95-year-old woman if I'm not mistaken, somehow is during the course of the foreclosure, deeding the property to, among other, Paul Shelton. And then we get into a whole sidelight because of that action as to an amended complaint being filed.

\*\*\*

Why the plaintiff sought leave to amend the complaint to add these individuals \*\*\* is another question. But I did want to recite for the record that that is in fact the case. And in this case [defendant] on April 12, 2016, filed, or somebody filed on her behalf, the *pro se* appearance, and also a motion to extend time to respond to the motion for summary judgment. \*\*\* [U]ltimately summary judgement was entered.

So, I'm having trouble here seeing any demonstration of why substantial justice would call into question anything that occurred here. And if you had anything else you wanted to say, please do say it."

Defense counsel had nothing else to add. The motion was denied.

¶ 13    Following a sheriff's sale, plaintiff filed a motion for order approving sale and distribution. The trial court granted that motion on October 4, 2021, and this appeal followed.

¶ 14                                II. ANALYSIS

¶ 15    Defendant raises several contentions in this appeal. However, all of defendant's contentions can be reduced to whether the trial court erred in denying defendant's motion to vacate the June 15, 2016, judgment of foreclosure and the April 17, 2019, amended judgment of foreclosure against her as a matter of "substantial justice" due to plaintiff's alleged non-compliance with Rule 11.

¶ 16    The purpose of a motion to vacate under section 2-1203 of the Code is to alert the trial court to errors it has committed and to afford it an opportunity to correct those errors. *Steiner v. Eckert*, 2013 IL App (2d) 121290, ¶ 16. We review the trial court's denial of a section 2-1203 motion for an abuse of discretion. *Id*. "In deciding whether the trial court abused its discretion in this context, the question is not whether we agree with the trial court, but whether the trial court acted arbitrarily without conscientious judgment, or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law such that substantial prejudice resulted." *Id*.

¶ 17    Rule 11 states, in relevant part, as follows:

"**(a) On Whom Made.** If a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service shall be made upon the party.

\*\*\*

**(c) Method.** *Unless otherwise specified by rule or order of court*, documents shall be served electronically.

\*\*\*

(2) If a self-represented party does not have an e-mail address, or if service other than electronic service is specified by rule or order of court, or if extraordinary circumstances prevent timely electronic service in a particular instance, service of documents may be made by one of the following alternative methods:

\*\*\*

(iii) *United States Mail*. Depositing the document in a United States post office or post office box, enclosed in an envelope to the party's address, *as identified by the party's*

*appearance in the matter*, with postage fully prepaid[.]" IL S. Ct. R. 11 (eff. July 1, 2021)

(Emphases added.)

Defendant argues that plaintiff was required by Rule 11 to mail all notices to 3 Grant Square, Suite 363, Hinsdale, as that was the address listed in her *pro se* substitute appearance form. This argument would have merit only if this court were to ignore the facts and circumstances contained in the record to this case.

¶ 18    Following the disbarment of her counsel and son, the trial court's February 17, 2016, order directed plaintiff to send all future notices directly to defendant. Plaintiff complied with that order throughout the proceedings, including service of its April 1, 2016, motion for summary judgment. Defendant responded to the notice served to her residence by filing her *pro se* substitute appearance and motion for extension of time to respond. Interestingly, her *pro se* substitute appearance form looked identical to Shelton's filed appearance form with only defendant's electronic signature inserted where her son's once was. And, of course, her disbarred son's address remained unchanged.

¶ 19    During the March 16, 2021, hearing on defendant's motion to vacate, defendant's counsel admitted that she resided at the subject property where plaintiff's notices and orders had been served. He further admitted that he did not know who occupied her son's former office address. Defendant's counsel never averred at any point that the notices sent to her residence were not received. Counsel never addressed how serving defendant at her residence by order of the trial court, as opposed to her disbarred son's former office address, posed an impediment to the administration of "substantial justice."

¶ 20    We agree with the trial court's assertion that there has been no "demonstration of why substantial justice would call into question anything that occurred here." We find no abuse of

discretion in the trial court's denial of defendant's motion to vacate the June 15, 2016, judgment of foreclosure and the April 17, 2019, amended judgment of foreclosure.

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 23    Affirmed.