**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240545-U

Order filed April 14, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| ERNESTINE McGUIRE | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Bureau County, Illinois, |
| | ) | |
| | ) | Appeal No. 3-24-0545 |
| v. | ) | Circuit No. 24-SC-110 |
| | ) | |
| DANIEL MARQUIS, | ) | Honorable |
| | ) | Geno J. Caffarini, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The trial court's denial of defendant's motion to vacate the judgment was an abuse of discretion.

¶ 2    Plaintiff, Ernestine McGuire, sued defendant, Daniel Marquis, in small claims court. On the day of trial, defendant and his counsel failed to appear. The trial court held a bench trial, found in plaintiff's favor, and ordered defendant to pay $1,757.68 plus costs. Defendant moved to vacate the judgment, and the court denied the motion.

¶ 3        On appeal, defendant contends the trial court erred by denying his motion to vacate. We reverse and remand for a new trial.

¶ 4                                    I. BACKGROUND

¶ 5        On March 26, 2024, plaintiff sued defendant, seeking $1757.68. The complaint alleged plaintiff discussed a job with defendant to install a stainless-steel countertop and defendant gave the approval to proceed. "M&W" (presumably a company) sent defendant an invoice and defendant disputed the quality and scope of the job. Plaintiff alleged polishing was not included in the quote, and if defendant made a payment for the material paid by "M&W" and the labor already completed, then "M&W" would return to polish at cost.

¶ 6        On April 25, 2024, the trial court entered an order setting a trial date for May 22, 2024. Both parties were present and appeared *pro se*. On May 15, 2024, defense counsel filed an appearance and a motion to continue. The motion stated defense counsel had a scheduling conflict and was unavailable on the date of trial. The motion did not indicate whether plaintiff was given any notice of the motion. On May 21, 2024, plaintiff's counsel filed an appearance.

¶ 7        On May 22, 2024, the court convened for a bench trial. Neither defendant nor defense counsel were present in person or via Zoom. After acknowledging defendant's motion to continue, the court stated it would proceed with the bench trial, noting 10 minutes had passed.

¶ 8        Wilbur James McGuire testified he was a pipefitter welder and was hired by defendant for a welding job at defendant's restaurant. The job entailed covering wood with stainless steel. Wilbur told defendant it was not typical to put stainless steel on wood because once the stainless steel was heated, the fumes caused a dark black weld. Defendant wanted to proceed with the job because he was in a hurry and stated it would get buffed out later. The materials and supplies cost $757.68,

2

and the welding charge was $1,000. Defendant complained about the quality, but Wilbur explained it could be buffed. Defendant did not make any payment, and Wilbur was not reimbursed for the cost of the materials and labor. Plaintiff and Tyson McGuire also worked on the project and were paid for their work. When asked whether this was the first time Wilbur had encountered a situation like this, he responded, "MW has been in business in Princeton since 2018 and we have nobody— you know, we got jobs we got to do." Photographs of the job were admitted into evidence.

¶ 9        The court noted another 10 minutes passed and still no one had appeared for defendant. The court found in plaintiff's favor and awarded her $1,757.68 plus court costs. The court's written order provided the judgment was entered following the presentation of evidence.

¶ 10       On May 30, 2024, defendant moved to vacate the judgment, explaining counsel had filed a motion to continue before the trial date. The motion further provided defendant intended to appear to ask for a continuance but misunderstood the directions for attending the hearing. A month later, defense counsel moved to withdraw.

¶ 11       On August 8, 2024, the court granted defense counsel's motion to withdraw and new counsel appeared *instanter*. After a hearing, the court denied defendant's motion to vacate, noting (1) defendant was present when the matter was set for trial, (2) prior defense counsel made no attempt to provide plaintiff with notice of the motion to continue, and (3) neither defendant nor prior defense counsel appeared on the day of trial. The court explained, had it entered a default judgment, it would have been inclined to grant the motion but it entered a judgment following the presentation of evidence. This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13       On appeal, defendant contends the trial court abused its discretion by denying his motion to vacate the judgment, because (1) the judgment was against the manifest weight of the evidence

3

and (2) defense counsel filed a motion to continue before the trial, and therefore, the trial should not have proceeded in his absence. Defendant asks us to reverse the court's judgment and remand for a new trial.

¶ 14 Section 2-1203(a) of the Code of Civil Procedure provides for motions to vacate the judgment within 30 days after entry of the judgment in all cases tried without a jury. 735 ILCS 5/2-1203(a) (West 2022). "The purpose of such a motion is to alert the trial court to errors it has committed and to afford it an opportunity to correct those errors." *Steiner v. Eckert*, 2013 IL App (2d) 121290, ¶ 16. The motion invokes the sound discretion of the trial court. *Regas v. Associated Radiologists, Ltd.*, 230 Ill. App. 3d 959, 967 (1992). On review, we consider "whether the trial court acted arbitrarily without conscientious judgment, or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law such that substantial prejudice resulted." *Steiner*, 2013 IL App (2d) 121290, ¶ 16. In other words, we must determine whether the court's denial of the motion was "unreasonable." *In re H.B.*, 2022 IL App (2d) 210404, ¶ 71.

¶ 15 Defendant first argues the court abused its discretion in denying his motion to vacate because the judgment was not supported by the evidence. Although defendant did not raise this issue before the trial court, in nonjury cases, "[t]he sufficiency of the evidence to support the judgment is subject to review without formal action to preserve the question" and "[n]either the filing of nor the failure to file a post-judgment motion limits the scope of review." Ill. S. Ct. R. 366(b)(3)(i), (ii) (eff. Feb. 1, 1994).

¶ 16 To establish a breach of contract, the plaintiff must prove "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Henderson-Smith & Associates, Inc. v. Nahamani Family*

4

*Service Center, Inc.*, 323 Ill. App. 3d 15, 27 (2001). Whether a breach of contract occurred is a question of fact that will not be reversed on appeal unless it is against the manifest weight of the evidence. *Covinsky v. Hannah Marine Corp.*, 388 Ill. App. 3d 478, 483 (2009). A judgment is against the manifest weight of the evidence when the opposite conclusion is clearly apparent. *Edgar County Watchdogs v. Joliet Township*, 2023 IL App (3d) 210520, ¶ 31.

¶ 17    After careful review of the record, we conclude the judgment was against the manifest weight of the evidence. In sum, the evidence presented during the bench trial failed to satisfy any of the elements of breach of contract. Specifically, no evidence was offered to connect plaintiff to the cause of action against defendant. Wilbur testified *he* discussed the job with defendant, *he* performed work for defendant, and *he* was owed money for defendant's failure to pay. In fact, Wilbur testified plaintiff had already been paid for her work on the job. See *Ollivier v. Alden*, 262 Ill. App. 3d 190, 196 (1994) (stating the party seeking to recover in an action for breach of contract has the burden to prove that she sustained damages resulting from the breach). There was mention of a company, either M&W or MW, but this action was brought by plaintiff personally, and there is no evidence of record explaining the company's involvement or claim in the matter. We acknowledge the court in a small claims case may relax the rules of procedure and rules of evidence (see Ill. S. Ct. R. 286(b) (eff. Feb. 2, 2023)) to allow litigants a simplified, expeditious, and inexpensive process for resolving claims, but plaintiff must still satisfy her burden of proof by a preponderance of the evidence. See *Wolkowitz v. Jamison*, 2024 IL App (1st) 230455, ¶ 46 (noting the bench trial for a small claims matter held in defendant's absence was "no rubber stamp" and included a 27-page transcript showing the court listened closely to the testimony, asked numerous questions, and reviewed the documents). For these reasons, the court's judgment was against the

5

manifest weight of the evidence, and thus, the court abused its discretion when it denied defendant's motion to vacate the judgment.

¶ 18   In reaching this conclusion, we reject as improper plaintiff's attempt to argue facts that are not in evidence. For example, plaintiff provides that Wilbur is her husband and his testimony was concerning the agreement their family business had with defendant, but she did not elicit this information at trial. We disregard any statements not supported by the record on appeal. See *Ruiz v. Walker*, 386 Ill. App. 3d 1080, 1081 (2008).

¶ 19   Based on our resolution of the first issue in defendant's favor, we need not address defendant's alternative argument pertaining to defense counsel's motion to continue and the trial held in his absence. We reverse the court's denial of defendant's motion to vacate, and per defendant's request, remand for a new trial.

¶ 20                                        III. CONCLUSION

¶ 21   For the reasons stated, we reverse the judgment of the circuit court of Bureau County and remand for a new trial.

¶ 22   Reversed and remanded.